IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN EDWARD WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv917-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

The petitioner, John Edward White, has filed a *pro se* pleading with this court, styled as a Motion to Vacate, in which he requests that this court vacate his sentence pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)

White is advised that 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

The claims White seeks to advance regarding his sentence may properly be presented only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Accordingly, this court concludes that White's instant pleading should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

In light of the foregoing, and in compliance with the requirements of *Castro v. United States*, 540 U.S. 375, 382-83 (2003), **the court hereby advises White of its intention to recharacterize his pleading (Doc. No. 1) as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.** The court **CAUTIONS** White that such recharacterization renders this motion and any subsequent § 2255 motion filed with this court subject to each of the procedural limitations imposed upon § 2255 motions. Specifically, White is **cautioned** that the instant motion and any subsequent § 2255 motion will be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[1]

In further compliance with the requirements of *Castro*, it is

---

[1] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

**ORDERED** that **on or before January 10, 2014**, White shall inform this court whether he seeks to do <u>one</u> of the following:

(1) have his motion (Doc. No. 1) construed as a § 2255 motion as filed and proceed before this court pursuant to 28 U.S.C. § 2255 on the claims presented in the motion;

(2) amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge his conviction and sentence; or

(3) withdraw his motion.

White is **CAUTIONED** that if he fails to file a response in compliance with this order, which requires that he advise the court that he wishes to do one of the above, this cause shall proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims presented in his original motion (Doc. No. 1).

DONE this 18th day of December, 2013.

                                              /s/ Charles S. Coody  
                                      CHARLES S. COODY  
                                      UNITED STATES MAGISTRATE JUDGE