IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN EDWARD WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv917-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On December 13, 2013, petitioner John Edward White ("White") filed a *pro se* motion construed by this court as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] Doc. No. 1. White challenges his conviction and 235-month sentence imposed by the district court in January 2007 following his guilty plea to

---

[1] White titled his original pleading as a "Motion to Vacate" and maintained he was seeking relief from his sentence under 28 U.S.C. § 2241. Doc. No. 1 at 1. This court informed him that the claims in his motion were properly presented in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. Nos. 2 & 4. Additionally, in compliance with *Castro v. United States,* 540 U.S. 375 (2003), the court notified him of its intention to treat his filing as a § 2255 motion and directed him to advise the court whether he wished to proceed under 28 U.S.C. § 2255 on the claims in his original pleading, amend his motion to assert additional claims under 28 U.S. § 2255, or withdraw his motion. *Id.* In light of White's response that he wished to continue seeking a reduction in his sentence (*see* Doc. Nos. 3 & 5), this case is proceeding under 28 U.S.C. § 2255 on the claims in White's original pleading.

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues that the district court violated the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by applying the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[2] at his sentencing when his prior ACCA-qualifying convictions were not charged as offense elements in his federal indictment and proved beyond a reasonable doubt. Doc. No. 1 at 1-3. White also seems to argue that his conviction is infirm because the predicate prior felony conviction for second-degree theft of property alleged in his federal indictment did not constitute a felony since he spent only one day of the 10-year sentence imposed in that case in actual confinement. *Id*. at 1-4.

The government answers that White's § 2255 motion is time-barred because it was filed well after expiration of the one-year limitation period in 28 U.S.C. § 2255(f). Doc. No. 8 at 9-13. The government also argues that White's § 2255 motion should be dismissed based on his waiver, in the plea agreement, of his right to collaterally attack his sentence. *Id*. at 7-9. Because the first rationale is dispositive of White's § 2255 motion, and because White's claims plainly lack merit, the court pretermits discussion

---

[2] The ACCA imposes a mandatory minimum sentence of fifteen years if a defendant convicted under 18 U.S.C. § 922(g) has "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another...." 18 U.S.C. § 924(e)(1). The district court considered White's prior Alabama convictions for first-degree robbery, second-degree robbery, and first-degree escape as qualifying violent felonies under the ACCA.

2

of the effect of the waiver provision in the plea agreement.

## II. DISCUSSION

### A. *Alleging ACCA-qualifying Convictions in Indictment*

White contends the enhancement of his sentence under the ACCA violated the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[3] because his prior ACCA-qualifying convictions were not charged as offense elements in his federal indictment and proved beyond a reasonable doubt. *See* Doc. No. 1 at 1-3. However,

> Under binding precedent, a prior conviction need not be alleged in an indictment to support the application of a sentencing enhancement. Under binding precedent, a prior conviction need not be alleged in an indictment to support the application of a sentencing enhancement. *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44, 118 S.Ct. 1219, 1230-31, 140 L.Ed.2d 350 (1998); *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006) (explaining that we are bound by *Almendarez-Torres* unless and until it is overruled by the Supreme Court).

*United States v. Davies*, 391 Fed.Appx. 822, 825 (11th Cir. 2010). Consequently, this claim in White's § 2255 motion lacks merit.

### B. *Predicate Prior Felony Charged in Indictment*

White suggests his conviction under 18 U.S.C. § 922(g)(1) is infirm because, he

---

[3] Under *Apprendi*, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added).

3

says, the predicate prior felony conviction for second-degree theft alleged in the indictment did not constitute a felony. Doc. No. 1 at 1-4. In this regard, White says he spent only one day in incarceration on the 10-year sentence imposed in June 2004 by the Montgomery County, Alabama, Circuit Court for the theft conviction. *Id.* He maintains that because he was actually incarcerated for less than one year and a day on the theft conviction, the conviction could not be used as a predicate felony for purposes of the felon-in-possession statute. *Id.*

Second-degree theft of property under Alabama law is a Class C felony with a sentencing range of "not more than 10 years or less than 1 year and 1 day." Ala. Code 1975 §§ 13A-8-4(b), 13A-5-6(a)(3).[4] White was sentenced to 10 years' imprisonment for that offense. *See* Presentence Investigation Report ("PSI") at p. 9, ¶ 37. The trial court then imposed a "reverse split" sentence, with seven years suspended to be followed by three years of incarceration and three years on probation. *Id.* Whether White (as he claims) actually served only one day of incarceration on his felony conviction for second-degree theft of property makes no difference. "The only limitation on predicate convictions contained in § 922(g)(1) itself is that they must be 'punishable by

---

[4] Under Alabama law, a felony is "[a]n offense for which a sentence to a term of imprisonment in excess of one year is authorized." Ala. Code. 1975 § 13A-1-2(8).

4

imprisonment for a term exceeding one year.'" *United States v. Nix*, 438 F.3d 1284, 1285 (11th Cir. 2006). *See, also e.g., Latson v. O'Brien*, 2013 WL 4400110, at *6 (N.D. W.Va. Aug. 15, 2013) (stating that the Supreme Court's holding in *Carachuri–Rosendo v. Holder*, 560 U.S 563 (2010), "mandate[s] that prior state convictions must be classified on the basis of the maximum sentence which the particular defendant in question could have received under the applicable state sentencing scheme at the time of conviction," not on the basis of time actually spent incarcerated).

Because second-degree theft of property under Alabama law is a Class C felony punishable by imprisonment for a term exceeding one year, White's conviction for that offense could be used as the predicate prior felony for his § 922(g)(1) charge and conviction.

C.  *Timeliness of § 2255 Motion*

Because neither of the above-discussed substantive claims establishes White's actual innocence or successfully impugns the district court's jurisdiction or the legality of his sentence, White's § 2255 motion is not immune from application of the time-bar in 28 U.S.C. § 2255(f). That section states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The record reflects that White's guilty plea to possession of a firearm by a convicted felon was entered on October 23, 2006. On January 18, 2007, the district court sentenced White to 235 months in prison. The district court entered its judgment on that same date. White took no direct appeal. The Federal Rules of Appellate Procedure in effect at the time of White's sentencing allowed 10 days from entry of judgment to seek appellate review. *See* Fed.R.App.P. 4(b)(1)(A)(i) (2007).[5] Therefore, for purposes of filing a § 2255 motion, White's judgment of conviction became final on January 29,

---

[5] Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

2007, the first business day after January 28, 2007, and the date on which his time to appeal expired. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under 28 U.S.C. § 2255(f)(1), then, White had until January 29, 2008, to file a timely § 2255 motion in this court. However, he did not file his § 2255 motion until December 13, 2013.

White maintains his § 2255 motion is timely under § 2255(f)(3),[6] because it was filed within one year after the Supreme Court's decision in *United States v. Alleyne*, ___ U.S. ___ 133 S. Ct. 2151 (2013), which he maintains is retroactively applicable. *Id*. at 1-4. In *Alleyne*, the Supreme Court held that the enhancements described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) – brandishing or discharging a firearm – triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt. *Id*.

Assuming White is arguing that *Alleyne* requires that his prior ACCA-qualifying convictions were charged as offense elements in his federal indictment and proved beyond a reasonable doubt, his argument is foreclosed by *Almendarez–Torres v. United*

---

[6] Section 2255(f)(3) provides for the one-year limitation period to start the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3)

7

*States*, 523 U.S. 224 (1998). In *Almendarez–Torres*, the Supreme Court held that, for sentencing enhancement purposes, a defendant's prior conviction does not have to be alleged in the indictment or submitted to a jury and proven beyond a reasonable doubt. 523 U.S. 224, 226-27, 239-40. Notably, *Alleyne* did not overrule *Almendarez–Torres*. *See Alleyne*, 133 S.Ct. at 2160 n.1 (noting that "[i]n *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.").

Assuming White is seeking to rely on *Alleyne* to support his claim regarding use of his Alabama conviction for second-degree theft of property as the predicate prior felony for his § 922(g)(1) charge and conviction, White's reliance is misplaced. *Alleyne* simply has nothing to do with whether the period of actual incarceration, versus the punishable term of imprisonment provided by statute, controls when determining if a predicate conviction constitutes a felony for purposes of § 922(g)(1).

What is more, *Alleyne* is also inapplicable to White's case because it does not apply retroactively to cases on collateral review. *See Chester v. Warden*, 552 F. App'x

887, 891 (11th Cir. 2014) ( "*Alleyne*'s rule does not apply retroactively on collateral review."); *United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) ( "*Alleyne* was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review ... [a]nd *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity."); *Barkley v. Hastings*, 2014 WL 808079, at *5 (S.D. Ga. Feb. 28, 2014) ("The decision in *Alleyne*, is 'an extension' of that in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).... Given that *Apprendi* is not retroactively applicable on collateral review, it is unlikely the Supreme Court will give the ruling in *Alleyne* retroactive effect."). *Alleyne* does not apply to White; therefore, the limitation period in § 2255(f)(3) does not apply to his motion.

Because White did not file his § 2255 motion until December 13, 2013, his motion is time-barred under § 2255(f)(1).[7]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal

---

[7] White presents no argument that the limitation period in his case is controlled by § 2255(f)(2) or § 2255(f)(4), or that equitable tolling of the limitation period should be applied.
9

limitation period and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 18, 2014.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 4th day of November, 2014.

           /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE